**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 6, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

VYSEAN LEANDRE EMBRY, a/k/a "V,"
a/k/a "Vy," a/k/a "Hollywood,"

    Defendant - Appellant.

No. 16-5175
(D.C. No. 4:15-CR-00133-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Vysean Embry accepted a plea agreement and pleaded guilty to conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846. He was sentenced to a total term of 180 months' imprisonment, which is within his guideline range of 168 to 210 months and beneath the statutory minimum of 20 years. Although the plea agreement contained an appeal waiver, Mr. Embry appealed. The United States moves to dismiss the appeal for lack of jurisdiction and to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Embry's counsel responded with a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that he could identify no non-frivolous argument to oppose the government's motion. We gave Mr. Embry the opportunity to respond to his counsel's submission, *see id.*, but we received nothing from him. The docketing statement reveals that "Mr. Embry wants to assert counsel was ineffective and also to appeal the length of his sentence." Docketing Statement at 4.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325. Our independent review of the record, *see Anders*, 386 U.S. at 744, does not reveal any non-frivolous arguments regarding the enforceability of the waiver.

First, we consider the scope of the waiver. *Hahn*, 359 F.3d at 1325. The plea agreement provides that Mr. Embry "waives the right to directly appeal [his] conviction and sentence . . . except that [he] reserves the right to appeal from a sentence that exceeds the statutory maximum." Mot. Ex. 1 at 3. Mr. Embry's 180-month sentence was well under the lifetime statutory maximum sentence for his crime, so this waiver covers any arguments he might want to make about the length of his sentence.

We next consider whether the waiver was knowing and voluntary. *Hahn*, 359 F.3d at 1325. In evaluating this factor, we generally examine the language of the

2

plea agreement and the adequacy of the Fed. R. Crim. P. 11 plea colloquy. *Id*. It is Mr. Embry's burden "to provide support for the notion that he did not knowingly and voluntarily enter into his plea agreement." *Id.* at 1329.

The plea agreement represented that the plea was voluntary and not the result of any force, threats, or promises not disclosed therein. In addition, the waiver paragraph represents that the appeal waiver was knowingly accepted. And just before his final signature, Mr. Embry again acknowledged that no extraneous promises or inducements were made, nor were any threats or force employed. Similarly, during the plea colloquy Mr. Embry informed the district court that he was pleading guilty of his own free will, not due to any extraneous promises or force. He indicated his understanding that the court could sentence him to more than twenty years in prison. The district judge summarized and explained the appeal waiver, confirming that Mr. Embry waived the right to appeal his convictions and sentence, except as to a sentence exceeding the statutory maximum. After asking for and receiving clarification, Mr. Embry confirmed his understanding of the judge's explanation. In short, this record fails to support any non-frivolous argument that the waiver was not knowing and voluntary.

Finally, we consider whether enforcing the waiver would result in a miscarriage of justice. *Id.* at 1325, 1327. A miscarriage of justice occurs "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where

3

the waiver is otherwise unlawful." *Id.* at 1327 (internal quotation marks omitted). None of these conditions is apparent from the record before the court. We recognize that defendants often allege ineffective assistance of counsel. But even if Mr. Embry is dissatisfied with his counsel's performance in connection with the waiver, allegations of ineffective assistance generally should be raised in a 28 U.S.C. § 2255 proceeding rather than on direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). "This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005); *accord Hahn*, 359 F.3d at 1327 n.13.

For these reasons, we determine that it is "wholly frivolous" for Mr. Embry to oppose the motion to enforce the appellate waiver in his plea agreement in this direct appeal. *Anders*, 386 U.S. at 744. The motion to enforce is granted, and this matter is dismissed.

Entered for the Court

Per Curiam